IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-75-FL
No. 4:14-CV-193-FL

| | |
|---|---|
| ELI STAFFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion to vacate filed on October 7, 2014 [DE #106]. The government has moved to dismiss the motion for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) [DE #117]. Petitioner has responded to the government's motion and subsequently filed the following motions:

 1. Motion for Leave to Submit Oversized Brief [DE #123];

 2. Motion to Expand the Record [DE #124];

 3. Motion to Conduct Discovery [DE #122]; and

 4. Motion to Supplement Motion for Discovery [DE #127].

These matters have been referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it is recommended that the government's motion be granted and Petitioner's claims be dismissed for failure to state a claim. It is further ordered that Petitioner's other motions be denied.

## STATEMENT OF THE CASE

On September 9, 2010, a federal grand jury returned a three-count indictment charging Petitioner with possession with intent to distribute a quantity of cocaine base (crack), a quantity of marijuana, and a quantity of 3,4 Methylenedioxymethamphetamine (ecstasy), in violation of 21 U.S.C. § 841(a)/(1); using and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In December 2011, Petitioner was tried by a jury and found guilty of all three charges. On April 4, 2012, the court sentenced Petitioner to a 420-month term of imprisonment. Petitioner appealed his sentence. On April 8, 2013, the Fourth Circuit Court of Appeals affirmed Petitioner's sentence. Petitioner filed a petition for writ of certiorari with the Supreme Court, but the petition was denied on October 7, 2013. Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Petitioner asserts eleven arguments in support of his § 2255 motion: (1) at the time of Petitioner's arrest, law enforcement officers performed an illegal search and seizure in violation of the Fourth Amendment; (2) Petitioner was denied his right to a speedy trial; (3) Petitioner's trial counsel was ineffective; (4) law enforcement officers intentionally concealed dash-cam video, which would have constituted exculpatory evidence; (5) Petitioner was denied due process when the district judge failed to inquire whether Petitioner "affirmed or denied" predicate drug offenses; (6) the prosecutor committed misconduct during the trial; (7) the evidence was insufficient to support a finding that Petitioner exercised dominion and control over the firearm; (8) the district judge committed judicial misconduct in her instructions to the jury; (9) Petitioner was not afforded the opportunity to invoke his right to counsel at his initial appearance; (10) Petitioner was not

advised of his Miranda rights before a custodial interrogation; and (11) Petitioner's appellate counsel was ineffective. Thus, he requests that the court vacate his sentence.

## I. Motion to File Oversized Brief

Petitioner has filed a motion requesting permission to file a response to the government's motion to dismiss that exceeds the normal page limit. Petitioner's memorandum does not exceed the page limit and as such, his motion is denied as moot. *See* Local Civil Rule 7.2(e) (setting thirty-page limit for memoranda opposing dispositive motions).

## II. Motion to Vacate

### a. Addressed on Appeal

Petitioner's first and fifth claims were addressed on direct appeal, and the Fourth Circuit rejected both arguments. Thus, Petitioner may not re-litigate these issues on collateral review. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009) ("[Petitioner] may not circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion.").

### b. Procedural Default

Furthermore, Petitioner has procedurally defaulted on claims two, four, six, seven, eight, nine, and ten. Petitioner neither raised these issues on appeal nor provided any explanation why they were not raised on appeal.[1] The facts underlying these claims were known to Petitioner at the time of his appeal, and Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice excusing his procedural default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the

---

[1] Petitioner's ineffective assistance of counsel claims are factually unrelated to the listed claims.

claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is actually innocent."); *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (explaining that where petitioner did not raise issues on direct appeal, he was barred from later addressing those issues on collateral review). Therefore, Petitioner is precluded from bringing these claims in a § 2255 motion.

### c. Ineffective Assistance of Counsel

Petitioner's remaining claims allege that his trial counsel and appellate counsel were ineffective. To establish ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The reasonableness of counsel's performance must be judged according to the specific facts of the case at the time of counsel's conduct. *Id.* at 690. Additionally, a petitioner must show he was prejudiced by his attorney's ineffectiveness. *Id.* at 694. A petitioner makes a showing of prejudice by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and the petitioner bears the burden of demonstrating that counsel's assistance was neither reasonable nor the product of sound strategy. *Id.* at 689.

#### i. Trial Counsel

Petitioner contends his trial counsel was ineffective by failing to: (1) conduct pretrial investigations; (2) file meritorious pretrial motions; (3) investigate the prosecution's witnesses; (4) interview defense witnesses; (5) investigate mitigating evidence; (6) advise Petitioner of his right to testify at the suppression hearing; (7) subject the case to adversarial testing; and (8) inform Petitioner of a plea offer. For the reasons set forth below, Petitioner has failed to allege sufficient

4

facts demonstrating ineffective assistance of counsel and these claims should, therefore, be dismissed.

With respect to Petitioner's claim that trial counsel was ineffective in failing to file certain motions, the record reflects that counsel did file a pretrial motion to suppress, and an evidentiary hearing was held on that motion. Following the magistrate judge's recommendation that the motion be denied, counsel submitted a ten-page, single-spaced filing setting forth Petitioner's objections to the memorandum and recommendation of the magistrate judge. While Petitioner further alleges counsel should have filed a pretrial motion pursuant to the Speedy Trial Act, the record indicates Petitioner waived his right to a speedy trial.

Petitioner also contends counsel did not advise him of his right to testify. Even assuming that is the case, Petitioner is not able to show that he was prejudiced as a result of counsel's actions. The record reflects that Petitioner was fully advised of his rights both at his initial appearance on November 4, 2010, and at the time of his arraignment on September 12, 2011. Additionally, Petitioner states in his filings that he wanted to testify and that "not being prepared [was] what stopped [him]." (Pet'r's Resp. Mot. Dismiss [DE #125-1] at 13.) Thus, it is evident that Petitioner was aware of his right to testify, even if his attorney did not explicitly inform him of that right.

Petitioner makes a number of conclusory statements that counsel failed to investigate and interview various parties. However, Petitioner has presented no facts or argument to demonstrate either that counsel's performance fell below the reasonableness standard or that Petitioner was prejudiced as a result of counsel's actions. *See United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004). Moreover, Petitioner presents no facts supporting the assertion that a plea agreement was offered, and nothing in the record supports that assertion. Accordingly, Petitioner has failed to

5

demonstrate that his trial counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by his counsel's actions.

        ii.        **Appellate Counsel**

Finally, Petitioner contends his appellate counsel failed to: (1) conduct an examination of the trial record and pretrial proceedings; (2) advocate additional meritorious claims; and (3) subject the case to meaningful appellate review. With respect to these alleged deficiencies, Petitioner provides no facts or evidence from which the court may assess the reasonableness of his attorney's actions or the impact of his attorney's performance on the outcome of Petitioner's case. Rather, Petitioner's claims are unsupported, conclusory allegations, which do not entitle Petitioner to relief under § 2255. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992). Even given the liberal interpretation afforded pro se petitions, Petitioner's claim of ineffective assistance of appellate counsel fails.

## III.    Motion to Expand Record

Pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings, Petitioner requests that he be allowed to submit evidence pertaining to the traffic stop which led to his arrest, as well as information regarding the reliability of the training of the drug dog used in the stop. Rule 7 provides that "[i]f [a petitioner's] motion [to vacate] is not dismissed, the judge may direct parties to expand the record by submitting additional materials relating to the motion." The purpose of Rule 7 is to allow the court to expand the record "to include appropriate materials that enable the judge to dispose of some habeas petitions not dismissed on the pleadings without the time and expense required for an evidentiary hearing." *Blackledge v. Allison,* 431 U.S. 63, 82 (1977); *Logan v. United States*, No. 7:10-CR-111-FL-1, 2014 WL 3700326, at *4 (E.D.N.C. July 24, 2014). The types of materials that the judge may require "include letters predating the filing of the motion,

documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits also may be considered as part of the record." R. Governing § 2255 Proceedings 7(b).

Petitioner's motion to expand the record focuses on evidence supporting his claim for ineffective assistance of counsel at the trial level. Petitioner submitted the proposed evidence as exhibits to his motion to vacate and his response to the government's motion to dismiss. This evidence is already before the court and has been considered by the undersigned in the recommendations set forth herein. Accordingly, there is no need for an order directing the parties to expand the record, and Petitioner's motion is, therefore, denied as moot.

IV.     **Motion for Discovery and Motion to Supplement Discovery**

Plaintiff has also filed a motion for discovery in order to obtain his own phone records and records of phones allegedly found in the vehicle Petitioner was driving prior to his arrest. He asserts that this evidence is exculpatory and that he would like to use the evidence in order to impeach a government witness who testified at trial. Following the government's response opposing Petitioner's discovery request, Petitioner filed a motion to supplement his motion for discovery, requesting that the court allow him to amend his motion as a curative measure.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, "[a] judge may, for good cause, authorize a party to conduct discovery." R. Governing § 2255 Proceedings 6(a). "A showing of good cause must include specific allegations suggesting that the petitioner will be able to demonstrate that he is entitled to habeas corpus relief." *Stephens v. Branker*, 570 F.3d 198, 213 (4th Cir. 2009); *see also Bracy*, 520 U.S. at 908-09.

7

Plaintiff has not provided a particularized need for the phone records, nor has he indicated how they will demonstrate he is entitled to habeas relief. Thus, he has not established good cause for discovery of the materials, and his discovery motions should be denied.

## **CONCLUSION**

For the foregoing reasons, it is ORDERED as follows:

    1.    Petitioner's Motion for Leave to Submit Oversized Brief [DE #123] is DENIED as moot;

    2.    Petitioner's Motion to Expand the Record [DE #124] is DENIED as moot;

    3.    Petitioner's Motion to Conduct Discovery [DE #122] and Motion to Supplement Motion for Discovery [DE #127] are DENIED.

It is further RECOMMENDED that the government's Motion to Dismiss [DE #117] be GRANTED and Petitioner's § 2255 Motion to Vacate [DE #106] be DENIED in its entirety.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until **December 7, 2015**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by

8

the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins,* 766 F.2d 841, 846-47 (4th Cir. 1985).

This 20th day of November 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge