IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:10-CR-75-FL-1
NO. 4:14-CV-193-FL

| | | |
|---|---|---|
| ELI STAFFORD, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner's motion to alter or amend judgment under Rule 59(e) (DE 138), motion for leave to correct grammatical and typographical errors (DE 140), and motion for leave to amend his Rule 59(e) motion (DE 147) (collectively, the "Rule 59(e) motions"). Also before the court are petitioner's ex parte motion for issuance of subpoena duces tecum (DE 148) and motion for stay (DE 149).[1]

A.  Rule 59(e) motions

A district court must treat motions for reconsideration such as the instant Rule 59(e) motions, as "successive collateral review applications," where "failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application." United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). If a petitioner is "continuing his collateral attack on his conviction or sentence," and his claims "relate to the validity of the underlying criminal

---

[1] On June 26, 2016, petitioner filed a second or successive motion to vacate under 28 U.S.C. § 2255 (DE 142), through counsel under Standing Order 15-SO-02, which the court will address by separate order.

judgment" they must be treated as a successive petition. Id. at 206, 207. "A motion can also be said to bring a [successive] claim if it attacks the federal court's previous resolution of a claim on the merits." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis added); see United States v. McRae, 793 F.3d 392, 396 (4th Cir. 2015) (holding that claim in Rule 60 motion that "the district court did not consider every statement made by [petitioner] in determining whether his counsel was ineffective for failing to move to suppress" was a successive attack on conviction).

Here, the instant Rule 59(e) motions collectively challenge the court's resolution on the merits of the claims for relief in his first § 2255 petition. Petitioner contends that the court failed to correctly understand his arguments, misapplied federal law applicable to the merits of petitioner's claims, and erred in rejecting petitioner's claims. Petitioner reiterates and amplifies the legal and factual basis for his claims asserted in his first § 2255 petition. As such, the court must treat petitioner's instant Rule 59(e) motions as a successive § 2255 application, which must be dismissed for lack of jurisdiction. Id.[2]

B.      Motion for Subpoena Duces Tecum and Stay

Petitioner seeks a subpoena duces tecum in furtherance of his claims raised in his first § 2255 petition as well as the instant Rule 59(e) motions. Petitioner seeks a stay of ruling on the instant Rule 59(e) motions until after issuance of the subpoena. As both of these motions seek relief in furtherance of the claims raised in the first § 2255 motion and the instant Rule 59(e) motions, these motions also must be dismissed for lack of jurisdiction.

---

[2] In the alternative, to the extent the court must treat Rule 59(e) motions under a different standard from that set forth in Winestock and McRae for Rule 60(b) motions, see Winestock, 340 F.3d at 203 n. 1, the court finds that petitioner's Rule 59(e) motions do not provide a basis to alter or amend the court's judgment on petitioner's first § 2255 motion. Accordingly, they are denied in the alternative on that basis.

2

## CONCLUSION

Based on the foregoing, petitioner's motions specified herein (DE 138, 140, 147, 148, 149) are DISMISSED for lack of jurisdiction.

SO ORDERED, this the 15th day of July, 2016.

                                       LOUISE W. FLANAGAN
                                       United States District Judge

3

Case 4:10-cr-00075-FL   Document 150   Filed 07/15/16   Page 3 of 3